FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAY - 2 2005

JAMES R. LARSEN, CLERK
_____ DEPUTY
YAKIMA, WASHINGTON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RALPH GAUSVIK,<br><br>            Plaintiff,<br><br>    vs.<br><br>ROBERT RICARDO PEREZ,<br>individually, and in his<br>official capacity; et al.,<br><br>            Defendants. | No. CV-01-071-AAM<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,** *INTER ALIA* |

**BEFORE THE COURT** are cross-motions for summary judgment filed by plaintiff and defendant Kenneth Badgley regarding Badgley's counterclaim for malicious prosecution (Ct. Rec. 284 and 288). In order to properly address the collateral estoppel issue raised by plaintiff, these motions were stayed pending a decision from the Ninth Circuit Court of Appeals in *Hidalgo v. Perez*, CS-01-003-RHW. On March 31, 2005, the Ninth Circuit issued an opinion affirming the decision in *Hidalgo* granting summary judgment for plaintiff Hidalgo on the counterclaim asserted against him by defendant Badgley.[1] The circuit's mandate issued on April 22.

//

---

[1] Simultaneous with this opinion, the circuit issued a separate opinion affirming, among other things, Judge Whaley's granting of summary judgment to Badgley on plaintiff Hidalgo's 42 U.S.C. §1983 claims and state law claims.

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 1**

**Malicious Prosecution**

Defendant Kenneth Badgley's has asserted a malicious prosecution counterclaim against plaintiff Gausvik pursuant to RCW 4.24.350.

The Honorable Robert H. Whaley, in an order dated April 7, 2004, granted summary judgment for plaintiff Hidalgo on the malicious prosecution counterclaim asserted by Badgley pursuant to RCW 4.24.350, finding Hidalgo's claims against Badgley were not frivolous, nor maliciously filed. (Ct. Rec. 382 in CS-01-003-RHW). Plaintiff Gausvik contends Judge Whaley's decision in *Hidalgo* collaterally estops Badgley from pursuing his malicious prosecution counterclaim in the captioned case.

In its stay order, this court cited Washington law regarding nonmutual collateral estoppel. Where a federal court has decided the earlier case, however, federal law controls the collateral estoppel analysis. *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1096 (9th Cir. 2004). Nevertheless, there is no material distinction between Washington law and federal law regarding nonmutual collateral estoppel. Under federal law, three factors must be considered before applying collateral estoppel: (1) the issue at stake must be identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated in the prior litigation by the party against whom preclusion is asserted; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action. *Id.*[2]

There is no dispute that elements (2) and (3) are satisfied. Badgley is a party in both *Hidalgo* and *Gausvik*, and a final judgment on the merits of Badgley's malicious prosecution counterclaim was entered in *Hidalgo*, the "prior litigation." The dispute centers on element (1),

---

[2] In Washington, nonmutual collateral estoppel can be applied so long as the party against whom preclusion is sought was a party or in privity with a party to the prior litigation and had a full and fair opportunity to litigate the issue in question. *State v. Mullin-Coston*, 152 Wn.2d 107, 113-14, 95 P.3d 321 (2004). The party seeking to enforce the rule must show: (1) the issue decided in the prior adjudication is identical with the one presented in the second; (2) the prior adjudication must have ended in a final judgment on the merits; (3) the party against whom the plea of collateral estoppel is asserted must have been a party or in privity with a party to the prior litigation; and (4) application of the doctrine must not work an injustice. *Id.* at 114.

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 2**

whether the malicious prosecution issues adjudicated in *Hidalgo* are identical to those now presented in *Gausvik*.

Badgley contends that whereas in *Hidalgo*, the court considered the issue of whether Hidalgo had probable cause to initiate a lawsuit against him and whether Hidalgo acted maliciously, "[t]his court is faced with the issue of whether Mr. Gausvik had probable cause for his causes of action against Chief Badgley and whether Mr. Gausvik acted maliciously." Badgley asserts the issues are not identical in *Gausvik* and require the analysis of separate facts, yet does not specify how the issues are different or how the facts are "separate." While the court recognizes it is the plaintiff's burden to prove collateral estoppel applies, Badgley's failure to point out any material distinction between the claims asserted against him by Hidalgo, versus those asserted against him by Gausvik, is telling. What it ultimately tells is that the issues and the facts are without material distinction and therefore, "identical" for collateral estoppel purposes.

This is revealed by a comparison of the analysis of the 42 U.S.C. §1983 claims against Badgley contained in Judge Whaley's August 22, 2003 order in *Hidalgo* granting summary judgment for Badgley (Ct. Rec. 237 in CS-01-003-RHW at pp. 7-11; 16-19; 21-23), and the analysis contained in this court's September 16, 2002 order in *Gausvik* granting summary judgment for Badgley (*Gausvik v. Perez*, 239 F.Supp.2d 1067, 1099-1102; 1103-1107 (E.D.Wash. 2002)), and in the subsequent order denying Gausvik's motion for reconsideration (239 F.Supp. 2d 1108, 1111-1125 (E.D. Wash. 2002)). Mr. Hidalgo had the same counsel as Mr. Gausvik and, to no surprise, the same evidence was presented in support of their claims against Badgley (i.e., the declarations of the Henkel children; investigation of Robert Kinkade re the interview of Kimberly Allbee; media reports of coercive interrogation tactics by Perez; Badgley's review of police reports prepared by Perez; Perez's fitness for duty evaluations and performance reviews; the Parker declaration). In *Hidalgo*, Badlgey's counsel acknowledged Hidalgo was relying on the same evidence which had earlier been presented by Gausvik in support of supervisory liability claims against Badgley. (Ct. Rec. 112 in CS-01-003-RHW at p. 6).

In his August 22, 2003 order in *Hidalgo*, Judge Whaley granted summary judgment to

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 3

Badgley on the state law claims asserted by Mr. Hidalgo (Order at pp. 20-23). Judge Whaley, citing the reasoning this court had earlier employed in *Gausvik*, 239 F.Supp. 2d at 1104-07; 1121-25, found those claims were barred by Washington's statutes of limitations. Nevertheless, Judge Whaley made no finding that this established Hidalgo maliciously prosecuted state law claims against Badgley, notwithstanding Hidalgo's prosecution of those claims despite this court's finding a year earlier that Gausvik's state law claims against Badgley were time-barred. Of course, it is also true that in August of 2003, the Ninth Circuit had yet to affirm this court's decision that Gausvik's state law claims were time-barred. That would not happen until November 2004. *Gausvik v. Perez*, 392 F.3d 1006, 1009 (9th Cir. 2004). With regard to the statutes of limitations on the state law claims against Badgley, there is no doubt that this issue was "identical" in the *Hidalgo* and the *Gausvik* matters. Moreover, Badgley had an adequate opportunity in *Hidalgo* to argue that Hidalgo's state law claims against Badgley were without probable cause and malicious because of this court's previous ruling in *Gausvik*.[3]

Based on Judge Whaley's decision and the circuit's affirmance of the same, it is appropriate to collaterally estop Badgley from pursuing a malicious prosecution counterclaim against Gausvik. Badgley had an adequate opportunity to prove his malicious prosecution claim to Judge Whaley and to the Ninth Circuit and he failed. It is not an injustice to deny him a second bite at the apple.

**Rule 11**

Badgley acknowledges he has "not pursued the procedural requirements of [Fed. R. Civ. P.] 11," but says there is "nothing precluding this Court from sua sponte imposing Rule 11 sanctions given the frivolous nature of Gausvik's lawsuit." In other words, Badgley has not made a motion for Rule 11 sanctions, but would like the court to impose sanctions based on its

---

[3]Indeed, since those claims were not deemed malicious in *Hidalgo*, one has to ask how they could possibly be deemed malicious in *Gausvik* which was the first Wenatchee Sex Ring case to deal with the limitations issue.

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 4**

own motion.

In *Hidalgo*, defendant Badgley and the other defendants made a motion for Rule 11 sanctions against the plaintiff which was heard in conjunction with the cross-motions for summary judgment on the malicious prosecution counterclaim. Judge Whaley denied the motion for Rule 11 sanctions, finding Mr. Hidalgo's claims "were legitimate and reasonable, and that Plaintiff's counsel did not act recklessly or in bad faith throughout the proceedings." (August 22, 2003 order in *Hidalgo* at pp. 5-6). On appeal, the Ninth Circuit affirmed Judge Whaley's decision denying Rule 11 sanctions.

If collateral estoppel is properly applied to Rule 11 determinations, then Badgley is also collaterally estopped from seeking Rule 11 sanctions against Gausvik based on Judge Whaley's ruling in *Hidalgo*. Even if he is not so estopped, this court finds imposition of sanctions is not warranted. It is true that this court, in its previous orders on summary judgment, expressed frustration at the haphazard, "shotgun" manner in which Gausvik presented his arguments and evidence with regard to municipal and supervisory liability. This court never suggested, however, that Gausvik's claims were frivolous or brought for an improper purpose. This court declines Badgley's invitation to *sua sponte* impose Rule 11 sanctions on Gausvik.

**Plaintiff's Request for Attorney Fees and Costs**

Gausvik seeks an award of fees and costs under RCW 4.24.510 and/or RCW 4.84.250. RCW 4.24.510 provides in relevant part:

> A person who communicates a complaint or information to any branch or agency of federal, state, or local government . . . is immune from civil liability for claims based upon the communication to the agency or the organization regarding any matter reasonably of concern to that agency or organization. A person prevailing upon the defense provided for in this section is entitled to recover expenses and reasonable attorneys' fees incurred in establishing the defense and in addition shall receive statutory damages of ten thousand dollars.

Hidalgo did not prevail upon the defense provided for in RCW 4.24.510, nor has Gausvik who is getting the benefit of the decision in *Hidalgo* awarding summary judgment against

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 5**

Badgley on his malicious prosecution counterclaim. Gausvik is not entitled to fees under RCW 4.24.510.

RCW 4.84.250 provides:

> . . . in any action for damages where the amount pleaded by the prevailing party as hereinafter defined, exclusive of costs, is seven thousand five hundred dollars or less, there shall be taxed and allowed to the prevailing party as a part of the costs of the action a reasonable amount to be fixed by the court as attorneys' fees. After July 1, 1985, the maximum amount of the pleading under this section shall be ten thousand dollars.

An offer of settlement is a prerequisite to obtaining fees under this statute. *In re 1992 Honda Accord*, 117 Wn.App. 510, 523, 71 P.3d 226 (2003), citing RCW 4.84.280. There is no indication that any offer of settlement was made in this case with regard to Badgley's counterclaim. Furthermore, there is no indication that Gausvik gave notice of his intent to seek fees under RCW 4.84.250 before filing his motion for summary judgment on the counterclaim. The court fails to see where Gausvik filed a reply to the counterclaim indicating he would seek such fees, or otherwise gave Badgley notice of intent to seek such fees.[4] Some type of notice is required so the parties have the opportunity of settling the claim before they incur the risk of paying the prevailing party's attorney fees. *Id.* at 524.

Gausvik is not statutorily entitled to any attorney fees for prevailing on Badgley's malicious prosecution counterclaim.

//
//
//
//
//
//
//

---

[4] Judge Whaley did not discuss RCW 4.84.250 in his April 7, 2004 order in *Hidalgo* and so it does not appear such fees were sought in that action.

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 6**

## CONCLUSION

For the reasons set forth above, plaintiff's Motion For Summary Judgment (Ct. Rec. 284) is **GRANTED** and defendant Badgley's Motion For Summary Judgment (Ct. Rec. 288) is **DENIED**. Plaintiff is awarded summary judgment on defendant's malicious prosecution counterclaim. Defendant's request for Rule 11 sanctions is **DENIED**. Plaintiff's request for statutory attorney's fees is **DENIED**.

**IT IS SO ORDERED.** The District Executive shall enter judgment accordingly and forward copies of the judgment and this order to counsel.

**DATED** this ___ of May, 2005.

ALAN A. McDONALD
Senior United States District Judge