UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RALPH GAUSVIK,<br><br>            Plaintiff,<br><br>     vs.<br><br>ROBERT RICARDO PEREZ,<br>individually, and in his<br>official capacity; et al.,<br><br>            Defendants. | No. CV-01-071-AAM<br><br>**ORDER GRANTING<br>MOTION FOR RECONSIDERATION,<br>IN PART** |

**BEFORE THE COURT** is the plaintiff's Motion For Reconsideration And/Or Alternatively For An Award Of Attorney's Fees Under RCW 4.84. Et Seq. And RCW 4.24.510 (Ct. Rec. 305).

**I. BACKGROUND**

On May 2, 2005, this court entered an order granting plaintiff's motion for summary judgment and awarded judgment to the plaintiff on defendant's state law malicious prosecution counterclaim. (Ct. Rec. 303). This court found that because of Judge Whaley's decision in *Hidalgo v. Perez*, affirmed by the Ninth Circuit, defendant Badgley was collaterally estopped from pursuing his malicious prosecution counterclaim against plaintiff Gausvik. In the order, this court also ruled that plaintiff was not entitled to attorney's fees under either RCW 4.24.510 or RCW 4.84.250.

**ORDER GRANTING MOTION
FOR RECONSIDERATION, IN PART- 1**

Plaintiff now asks the court to reconsider denial of those fees. Although plaintiff's motion for summary judgment, his reply filed in connection therewith, and his response filed in connection with defendant's cross-motion for summary judgment, requested fees pursuant to RCW 4.24.510 and RCW 4.84.250, plaintiff says it was not his intention that this court rule on said fees. Plaintiff says that assuming summary judgment was awarded in his favor, it was his intention to file a separate motion for fees. Plaintiff asserts this court "clearly erred" in failing to award him fees pursuant to either RCW 4.24.510 or RCW 4.84.250.

## II. DISCUSSION

### A. RCW 4.24.510

In its order on summary judgment, this court stated:

> Hidalgo did not prevail upon the defense provided for in RCW 4.24.510, nor has Gausvik who is getting the benefit of the decision in *Hidalgo* awarding summary judgment against Badgley on his malicious prosecution counterclaim.

Plaintiff Gausvik assumes that because of *Hidalgo*, this court collaterally estopped him from pursuing attorney's fees under RCW 4.24.510. That is not the case. If Hidalgo had been awarded attorney's fees against Badgley pursuant to RCW 4.24.510, Badgley would have been collaterally estopped from arguing against an award of such fees to plaintiff Gausvik in the captioned litigation. As Gausvik points out, Judge Whaley did not consider RCW 4.24.510. Judge Whaley did not award summary judgment to Hidalgo based on the immunity defense provided for in RCW 4.24.510. He awarded summary judgment to Hidalgo because he found as a matter of law pursuant to RCW 4.24.350, that Hidalgo had probable cause to bring his suit against Badgley and there was no malice involved in bringing the suit.

Gausvik did not prevail in the captioned litigation because of the immunity defense provided for in RCW 4.24.510. He prevailed simply because he received the benefit of Judge Whaley's decision that, as a matter of law, Badgley did not have a malicious prosecution counterclaim against Hidalgo pursuant to RCW 4.24.350. In its summary judgment order, this

**ORDER GRANTING MOTION
FOR RECONSIDERATION, IN PART- 2**

court did not analyze the merits of Gausvik's asserted RCW 4.24.510 defense because it did not need to do so. Gausvik sought summary judgment on a number of alternative grounds, including RCW 4.24.510 and collateral estoppel. The application of collateral estoppel made it unnecessary to consider RCW 4.24.510. Gausvik prevailed pursuant to RCW 4.24.350 by virtue of Judge Whaley's decision in *Hidalgo*.

The court will not reconsider awarding fees under RCW 4.24.510.

### B. RCW 4.84.250

While RCW 4.24.510 provides for a specific substantive defense from civil liability and fees for prevailing upon that defense, RCW 4.84.250 is a general fee statute which allows a prevailing party, "in any action for damages" where the amount sought is $10,000 or less to recover a reasonable amount of attorney's fees "as part of the costs of the action."

RCW 4.84.270 provides:

> The defendant, **or party resisting relief**, shall be deemed the prevailing party within the meaning of RCW 4.84.250, if the plaintiff, **or party seeking relief in an action for damages** where the amount pleaded, exclusive of costs, is equal to or less than the maximum allowed under RCW 4.84.250, **recovers nothing** . . . .

(Emphasis added).

Here, plaintiff Gausvik was the "party resisting relief" and defendant Badgley was the "party seeking relief" who ended up recovering nothing because of the application of collateral estoppel. When the "party seeking relief" seeks less than $10,000 in damages and recovers nothing, the "party resisting relief" is entitled to attorney's fees, regardless of whether an offer of settlement has been made by either party. *Public Utilities District No. 1 Of Grays Harbor v. Crea*, 88 Wn.App. 390, 393, 945 P.2d 722 (1997). The party from whom fees are sought, however, must have received notice that it may be subject to fees under the statute. *Id*. at 394. In a letter dated February 15, 2005, sent from plaintiff's counsel by fax and first class mail, defendant Badgley's counsel was advised that plaintiff intended to pursue fees and costs pursuant to RCW 4.84.250. (Ex. 1 to Firkins Declaration, Ct. Rec. 306).

**ORDER GRANTING MOTION**
**FOR RECONSIDERATION, IN PART- 3**

Badgley asserts RCW 4.84.250 does not apply because his claim under RCW 4.24.350 exceeded $10,000. Badgley says that in addition to liquidated damages of $1,000, he also sought recovery of attorney's fees in the approximate sum of $34,000 and therefore, the total sum of his claim was in excess of $35,000.[1] Based on *Mackey v. American Fashion Institute Corp.*, 60 Wn.App. 426, 804 P.2d 642 (1991), this court must disagree. In *Mackey*, the defendant sought attorney's fees under RCW 4.84.250. The plaintiff contended RCW 4.84.250 did not apply because the "amount pleaded" exceeded $10,000. In his complaint, plaintiff prayed for relief in "the amount of $10,000, together with . . . reasonable attorney's fees and costs and for such other and further relief as the court deems just." Plaintiff contended his request for an unspecified amount of attorney's fees had to be treated as a damage element. The Washington Court of Appeals disagreed:

> Mackey brought suit under RCW 49.52.070, which allows for judgment for twice the amount of wages withheld by way of exemplary damages, *together with* costs and attorney's fees. Mackey has cited no authority, nor are we aware of any, which characterizes an attorney's fee award under the statute as an element of damages. When a contract, statute or equitable basis authorizes the award, attorney's fees are allowed as a part of the *cost* of the litigation. [Citations omitted]. Attorney's fees are recoverable as a damage element only in a narrow range of circumstances, none of which are present here. [Citations omiited]. The "amount pleaded" under RCW 4.84.250 includes only a party's basic claim for damages. [Citation omitted]. Because the attorney's fees sought by Mackey cannot be characterized as a damage element, they also cannot be considered a part of his "amount pleaded" under the statute. Mackey's claim for damages thus totaled $10,000 and was within the limits of RCW 4.84.250.

*Id*. at 431-32 (emphasis in original).

Here, defendant Badgley's counterclaim sought an unspecified amount of attorney's fees, in addition to $1,000 in liquidated damages (Ct. Rec. 13). And like RCW 49.52.070, RCW 4.24.350(2) allows for liquidated damages, "together with a reasonable attorneys' fee, and other

---

[1] RCW 4.24.350(2) provides that a "law enforcement officer prevailing in such an action may be allowed an amount up to $1,000 as liquidated damages, together with a reasonable attorney's fees, and other costs of suit."

**ORDER GRANTING MOTION
FOR RECONSIDERATION, IN PART- 4**

costs of suit." Therefore, based on *Mackey*, this court concludes the amount of damages sought by Badgley in his counterclaim was $1,000 and therefore, RCW 4.84.250 applies. Badgley argues the attorney's fees sought by him were not statutory attorney's fees, but actual attorney's fees, and therefore, not "costs" of the litigation as defined in RCW 4.84.010. The court is not persuaded. Badgley's counterclaim sought attorney's fees pursuant to statute, two statutes to be precise (RCW 4.24.350(2) and RCW 4.84.185).

Having concluded that plaintiff is entitled to an award of attorney's fees pursuant to RCW 4.84.250, it is now necessary to determine what is a "reasonable" amount of fees. Because this court initially denied fees altogether and the court has now reconsidered that decision, it is appropriate to give defendant an opportunity to comment upon the reasonableness of the fee sought (including hourly rate and number of hours). Within ten (10) calendar days of the date of this order, defendant shall serve and file a memorandum addressing the aforementioned. Within ten (10) calendar days thereafter, plaintiff shall serve and file any reply. Thereafter the court will make a determination regarding a "reasonable" amount of fees.

### III. CONCLUSION

Plaintiff's Motion For Reconsideration (Ct. Rec. 305) is **GRANTED** to the extent that plaintiff is entitled to an award of attorney's fees pursuant to RCW 4.84.250.

**IT IS SO ORDERED**. The District Executive shall enter this order and forward copies of the same to counsel.

**DATED** this  7th   of June, 2005.

    s/ Alan A. McDonald    
    ALAN A. McDONALD
    Senior United States District Judge

**ORDER GRANTING MOTION
FOR RECONSIDERATION, IN PART- 5**