1

2

3

4

5          UNITED STATES DISTRICT COURT

6          EASTERN DISTRICT OF WASHINGTON

7

8    RALPH GAUSVIK,                    )
                                       )
9                    Plaintiff,        )          No. CV-01-071-AAM
                                       )
10        vs.                          )          **ORDER GRANTING DEFENDANT'S**
                                       )          **MOTION FOR RECONSIDERATION**
11                                     )
                                       )
12   ROBERT RICARDO PEREZ,             )
     individually, and in his          )
13   official capacity; et al.,        )
                                       )
14                                     )
                    Defendants.        )
15   ─────────────────────────────────)

16        **BEFORE THE COURT** is defendant Badgley's Motion For Reconsideration (Ct. Rec.

17   314).

18

19   **I. BACKGROUND**

20        Defendant asks the court to reconsider its June 7, 2005 "Order Granting Motion For

21   Reconsideration, In Part" (Ct. Rec. 313) which found plaintiff was entitled to an award of

22   attorney's fees pursuant to RCW 4.84.250 for prevailing on defendant's malicious prosecution

23   counterclaim.  Based on *Mackey v. American Fashion Institute Corp.*, 60 Wn.App. 426, 804 P.2d

24   642 (1991), this court determined the total value of defendant's malicious prosecution

25   counterclaim pursuant to RCW 4.24.350(2) did not include the attorney's fees and costs sought

26   by defendant and included only the $1,000 he sought as liquidated damages.  Therefore, since

27   the total value of Badgley's unsuccessful counterclaim did not exceed $10,000, this court held

28   that plaintiff, as the "prevailing party," was entitled to attorney's fees pursuant to RCW

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR RECONSIDERATION-   1**

1    4.84.250.

2

3    **II. DISCUSSION**

4         As defendant points out, the *Mackey* case was not cited by plaintiff until he cited it in his

5    reply brief in support of his motion for reconsideration.  Therefore, defendant asserts that until

6    now, he did not have a chance to specifically address that case.   *Mackey* did not involve RCW

7    4.24.350.  It involved a different statute, RCW 49.52.070.  This court recognized as much in its

8    order, but noted the similarity in the language of the two statutes in concluding attorney's fees

9    and costs were not an element of damages under RCW 4.24.350.

10        At common law, malicious prosecution required a plaintiff to prove: (1) the defendant

11   instituted or maintained the alleged malicious prosecution action; (2) lack of probable cause to

12   institute or continue the prosecution; (3) malice; (4) the proceedings ended on the merits in favor

13   of the plaintiff or were abandoned; and (5) the plaintiff suffered injury or damage as a result.

14   *Hanson v. City of Snohomish*, 121 Wn.2d 552, 558, 852 P.2d 295 (1993).  The Washington

15   Legislature abrogated the fourth element by permitting a defendant to assert a malicious

16   prosecution counterclaim under RCW 4.24.350.  *Brin v. Stutzman*, 89 Wn.App. 809, 818-19, 951

17   P.2d 291 (1998).  Although actions for malicious prosecution began as a remedy for unjustifiable

18   criminal proceedings, Washington recognizes this remedy where civil actions have been initiated

19   without support.  *Clark v. Baines*, 114 Wn.App. 19, 24, 55 P.3d 1180 (2002), *overruled on other*

20   *grounds*, 150 Wn. 2d 905, 84 P.3d 245 (2004);  *Gem Trading Co. v. Cudahy Corp.*, 92 Wn.2d

21   956, 965, 603 P.2d 828 (1979).

22        In his motion for reconsideration, defendant Badgley relies on *Rorvig v. Douglas*, 123

23   Wn.2d 854, 873 P.2d 492 (1994), a case that followed *Mackey*.  *Rorvig* involved landowners

24   bringing a slander of title action against adjacent landowners.  The Washington Supreme Court

25   held attorney's fees were recoverable as special damages in such an action.  *Id*. at 497.  The

26   court observed that although it was well established that absent a contract, statute, or recognized

27   ground of equity, a prevailing party does not recover attorney's fees as costs of litigation, there

28   were circumstances where attorney's fees should be recovered as damages.  *Id*.  According to the

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR RECONSIDERATION-   2**

court:

> In **malicious prosecution** and wrongful attachment or garnishment, we have held that attorney fees are recoverable as special damages. **In malicious prosecution, it has long been the rule that damages include the attorney fees for the underlying action made necessary by the defendant's wrongful act.** *Aldrich v. Inland Empire Tel. & Tel. Co.*, 62 Wash. 173, 176-77, 113 P. 264 (1911). Similarly, in wrongful attachment or garnishment actions, and in actions to dissolve a wrongful temporary injunction, attorney fees are a "necessary expense incurred" in relieving the plaintiff of the wrongful attachment or temporary injunction, and are recoverable. [Citations omitted].

> Slander of title is analogous to these actions.  It is the defendant who by intentional and calculated action leaves the plaintiff with only one course of action: that is, litigation.  **In malicious prosecution, wrongful attachment, and slander of title, the defendants actually know their conduct forces the plaintiff to litigate.  In addition, similar to malicious prosecution and wrongful attachment, actual damages are difficult to establish and often times are minimal in slander of title.  Fairness requires the plaintiff to have some recourse against the intentional malicious acts of the defendant.**

*Id.* (Emphasis added).

*Aldrich* is obviously still good law, as evidenced by the state supreme court's reliance on it in the *Rorvig* opinion.  Although the plaintiff notes that *Aldrich* involved a malicious prosecution claim brought following successful defense of a criminal complaint, he does not explain why that is significant.  As noted above, Washington has now recognized for many years that a malicious prosecution claim is a remedy for a civil action which has been initiated without support.  Furthermore, although *Rorvig* obviously did not involve RCW 4.24.350 (and *Aldrich* was decided  73 years before enactment of RCW 4.24.350 in 1984), all that this statute did was abrogate one element of the common law malicious prosecution claim.  The court fails to see how abrogation of this one element would take a malicious prosecution claim out of the exception recognizing attorney's fees as an element of  special damages.  The provision for $1,000 liquidated damages in RCW 4.24.350(2) is consistent with the rationale for including malicious prosecution claims within the exception as explained in *Rorvig*.  Because actual damages are difficult to establish, liquidated damages are made available.  Attorney's fees and costs, on the other hand, are easily ascertainable and therefore, are not included within the $1,000 liquidated damages.

**ORDER GRANTING DEFENDANT'S
MOTION FOR RECONSIDERATION-   3**

The "Legislative Findings" with regard to RCW 4.24.350 are also consistent with the statement in *Rorvig* that "[f]airness requires the plaintiff to have some recourse against the intentional malicious acts of the defendant."  According to those findings:

> The legislature finds that a growing number of unfounded lawsuits, claims and liens are filed against law enforcement officers, prosecuting authorities, and judges, and against their property, having the purpose and effect of deterring those officers in the exercise of their discretion and inhibiting the performance of their public duties.
>
> The legislature also finds that the cost of defending against such unfounded suits, claims and liens is severely burdensome to such officers, and also to the state and the various cities and counties of the state**.  The purpose of section 2 of this 1984 act is to provide a remedy to those public officers and to the public.**

(Emphasis added).

Moreover, if the only element of special damages under  RCW 4.24.350(2) was the $1,000 in liquidated damages (without consideration of fees and costs incurred in defending against the action that gave rise to the malicious prosecution counterclaim), judges, prosecuting authorities and law enforcement officers would always, and without exception, be liable for mandatory attorney's fees under RCW 4.84.250 when they do not prevail on their malicious prosecution counterclaims.  It is hard to fathom the legislature intending such a result.  On the other hand, if attorney's fees and costs are an element of damages under RCW 4.24.350(2), an unsuccessful counterclaimant employing that statute could still be subject to RCW 4.84.250, provided the combined total of liquidated damages and attorney's fees and costs sought by him did not exceed $10,000.

*Rorvig* persuades the court that the rule is that attorney's fees and costs should be treated as an element of damages (special damages) in a malicious prosecution claim or counterclaim.  It is not apparent why RCW 4.24.350 should alter this rule.  All that RCW 4.24.350 did was abrogate one element of the common law malicious prosecution claim.  RCW 4.24.350 existed at the time *Rorvig* was decided and the state supreme court apparently did not think that changed anything about the rule first enunciated in *Aldrich* that attorney's fees and costs are an element of damages in a malicious prosecution claim.  It is reasonable to believe that if the statute altered

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR RECONSIDERATION-  4**

1   the rule, the court would have said something about it in *Rorvig*.

2        This court considered certifying to the state supreme court the specific question of

3   whether under RCW 4.24.350(2), attorney's fees and costs are considered an element of

4   damages in determining whether an unsuccessful claimant is liable for attorney's fees under

5   RCW 4.84.250.  This court finds, however, that *Rorvig* is clear enough guidance for answering

6   that question.  Of course, the plaintiff is entitled to appeal and may persuade the Ninth Circuit

7   that certification is appropriate.  After two rounds of reconsideration proceedings, this court

8   would hope the matter has been fully aired at this level and that an appeal would be the next step,

9   if any.

10  **III. CONCLUSION**

11       It is unfortunate *Rorvig* was not brought to the court's attention earlier so as to avoid this

12  second round of reconsideration proceedings.  Nevertheless, it has now been brought to the

13  court's attention and persuades the court that it erred in granting plaintiff's request for fees

14  pursuant to RCW 4.84.250.  In addition to $1,000 in liquidated damages, defendant Badgley

15  sought attorney's fees and costs under RCW 4.24.350(2) in excess of $9,000.   (See declaration

16  of defendant's counsel at Ct. Rec. 309).  Therefore, because his total claim for damages

17  exceeded $10,000, defendant Badgley is not liable for attorney's fees under RCW 4.84.250.

18  Defendant's Motion For Reconsideration (Ct. Rec. 314) is **GRANTED** and plaintiff's request

19  for attorney's fees pursuant to RCW 4.84.250 is **DENIED**.

20       **IT IS SO ORDERED**.  The District Executive shall enter this order and forward copies

21  of the same to counsel.

22       **DATED** this   7th    of July, 2005.

23

24        s/ Alan A. McDonald
          ALAN A. McDONALD
25        Senior United States District Judge

26

27

28

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR RECONSIDERATION-  5**